**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 03 2014, 5:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**CHADWICK C. DURAN**
Office of Regional Counsel
U.S. Department of Veterans Affairs
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE CIVIL COMMITMENT OF T.K., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1310-MH-878 |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, RICHARD L. ROUDEBUSH VA MEDICAL CENTER, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gerald S. Zore, Judge
Cause No. 49D08-9906-MH-582

**April 3, 2014**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**BAILEY, Judge**

On rehearing, T.K. argues that this Court's memorandum decision contains a factual error that is material to the outcome of the case. He is mistaken. In our Statement of the Facts, we stated that the VA Medical Center's Application for Emergency Detention of Mentally Ill and Dangerous Person alleged that T.K. threatened to kill his ex-wife's husband and children. In our Discussion of the Issues section of the decision, we stated that T.K. threatened to kill his ex-wife. T.K. is correct that this is a factual misstatement because he threatened to kill his ex-wife's husband and children and not his ex-wife. However, this factual error is not material to the outcome of the case. If we remove this misstatement from our analysis, the remaining evidence supports T.K.'s involuntary commitment. Once this statement is removed, T.K.'s petition raises no question other than the sufficiency of the evidence, which has a well-established standard that guides us on appellate review and was fully considered and discussed by this court in our original decision. We advise counsel that a "petition whose success depends upon our ignoring the constraints placed upon us has no chance of success." <u>Maberry v. State</u>, 748 N.E.2d 881, 886 (Ind. Ct. App. 2001).

Accordingly, we grant rehearing for purposes of correction and clarification but deny relief.

FRIEDLANDER, J., and KIRSCH, J., concur.